IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN EDWARD NASH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2404-B |
| | § | |
| DALLAS COUNTY JAIL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Glenn Edward Nash, a former inmate at the Dallas County Jail, challenging the conditions of his confinement and the quality of his medical care. On December 28, 2006, plaintiff tendered a form civil rights complaint to the district clerk and filed a motion to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his claims. The interrogatories were mailed to plaintiff at the Dallas County Jail on January 12, 2007. Seven days later, on January 19, 2007, the unopened envelope containing the interrogatories was returned

to the clerk with the notation, "Return to Sender/Not in Dallas County Jail."[1]  The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order.  FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at the Dallas County Jail--the only address listed in his complaint.  However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address.[2]  Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed.  Dismissal is the only option available under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-

---

[1] Through its own independent investigation, the court learned that plaintiff was transferred from the Dallas County Jail to the Baten ISF in Pampa, Texas sometime in January 2007.  Based on this information, the interrogatories were remailed to plaintiff at both the Baten facility and the Dallas County Jail.  The interrogatories sent to the Baten ISF were neither answered by plaintiff nor returned to the court.  The unopened envelope containing the duplicate set of interrogatories sent to plaintiff at the Dallas County Jail were returned to the court on March 7, 2007 with the notation, "Return to Sender/ Not in Dallas County Jail."

[2] The form civil rights complaint filed by plaintiff advises that "[i]t is your responsibility to inform the Court of any change of address and its effective date . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure."  Plf. Compl. at 2.

1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE